UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MORIAM AGORO,

                            Plaintiff,

             -against-

CITY OF NEW YORK; POLICE OFFICER ANTHONY MAIDA, LIEUTENANT FRANKIE RIVERA, DETECTIVE EDWARD CUNNINGHAM, DETECTIVE HECTOR RODRIGUEZ and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-7249 (ILG)(ST)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff MORIAM AGORO ("plaintiff" or "Mr. Agoro") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer ANTHONY MAIDA, ("MAIDA"), Lieutenant FRANKIE RIVERA ("RIVERA"), Detective EDWARD CUNNINGHAM ("CUNNIINGHAM") and Detective HECTOR RODRIGUEZ ("RODRIGUEZ") at all times relevant herein, were officers, employees and agents of the NYPD. Defendants MAIDA, RIVERA, CUNNINGHAM, and RODRIGUEZ are sued in their individual capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 10:00 a.m. on May 26, 2015, plaintiff was lawfully within 3225 Neptune Avenue, Apartment 517 in Brooklyn, New York.

13. Her boyfriend, Denzel, left the apartment and went outside.

14. Upon information and belief, while outside, Denzel had an encounter with the police and was placed under arrest.

15. Upon their request, Denzel gave the defendants his address.

16. With plaintiff's permission, defendants including MAIDA, , RIVERA, CUNNINGHAM, and RODRIGUEZ entered 3225 Neptune Avenue, Apartment 517, performed an illegal search of the premises and placed plaintiff under arrest.

17. Plaintiff was placed in handcuffs, put in a police van and driven around Brooklyn for four hours.

18. Ultimately plaintiff was taken to the 60th precinct.

19. After several hours in the precinct plaintiff was released with a desk

appearance ticket.

20. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff littering and resisting arrest.

21. At no point did the officers observe plaintiff commit any crimes.

22. Ultimately all charges against plaintiff were dismissed. Plaintiff never appeared before a Judge.

23. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Entry

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered 3225 Neptune Avenue without a warrant or exigent circumstances.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Denial Of Constitutional Right To Fair Trial

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. The individual defendants created false evidence against Plaintiff.

32. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

33. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM

### Failure To Intervene

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Monell Claim

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

41. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

42. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

43. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

44. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   August 31, 2016
         New York, New York

                                    /s
                                    Robert Marinelli
                                    305 Broadway, 9th Floor
                                    New York, New York 10007
                                    (212) 822-1427
                                    robmarinelli@gmail.com

                                    *Attorney for plaintiff*